IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CODY J. HUBER, ) | CASE NO. 1:23-CV-01546 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL ) | MEMORANDUM OF OPINION |
| SECURITY, ) | AND ORDER ADOPTING |
| ) | MAGISTRATE JUDGE'S |
| Defendant. ) | REPORT AND RECOMMENDATION |

This matter is before the Court on the *Report and Recommendation* of Magistrate Judge Darrell A. Clay, to whom this *Complaint/Appeal of Social Security Denial* (ECF #1) was referred pursuant to Northern District of Ohio Local Civil Rule 72.2. In the *Report and Recommendation*, issued July 8, 2024, Magistrate Judge Clay recommends affirming the Commissioner of Social Security's ("Commissioner") decision denying Plaintiff Cody J. Huber's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) & 423, *et seq.* (ECF #15). Following issuance of the *Report and Recommendation*, Mr. Huber filed *Plaintiff's Objections to the Magistrate Judge's Report and Recommendation*, on July 22, 2024. (ECF #16) ("*Objections*"). The Commissioner then filed a *Response to Plaintiff's Objections*, on August 5, 2024. (ECF #17).

The Court has reviewed *de novo* those portions of the Magistrate Judge's *Report and Recommendation* to which objection has been made. *See* FED. R. CIV. P. 72(b)(3). The Court

finds that Magistrate Judge Clay's *Report and Recommendation* (ECF #15) is well-supported and correct, and the *Report and Recommendation* is hereby ADOPTED in its entirety.

## STANDARD OF REVIEW

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to the report and recommendation. When objections are made, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b)(3). When no timely objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 Advisory Committee Notes (citations omitted). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.") (on *certiorari* from the Sixth Circuit).

## ANALYSIS

The full record before the Social Security Administration and the Administrative Law Judge ("ALJ") is assumed. It is thoroughly and ably described in Magistrate Judge Clay's *Report and Recommendation*. For the purposes of this analysis, and to give context to the conclusions reached in the *Report and Recommendation*, the essential findings made by the ALJ, as evaluated by the Magistrate Judge in considering the arguments of counsel and preparing the *Report and Recommendation*, are as follows:[1]

> 1. The claimant has not engaged in substantial gainful activity since June 4, 2021, the application date (20 CFR 416.971 *et seq.*).

---

[1] Mr. Huber was represented by counsel at the hearing before the ALJ. (ECF #15, *Report and Recommendation*, p.1, PageID #1553).

2. The claimant has the following severe impairments: major depressive disorder, generalized anxiety disorder, and panic disorder (20 CFR 416.921(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 414, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned [ALJ] finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to a static work environment, tolerating few changes in a routine work setting and when said changes do occur, any changes in job duties will be explained. The claimant is limited to simple, routine, repetitive tasks. The claimant is limited to occasional interaction with coworkers. The claimant is limited to occasional, superficial interaction with the public. For example, if a member of the public were to approach and ask for directions to the nearest restroom, he would be able to provide that information, but that would be the extent of the interaction. The claimant is limited to work that does not involve any work tasks that require arbitration, negotiation, confrontation, being responsible for the safety of others, or directing the work of others.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on September 17, 1996, and was 24 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416,969a).

10. The claimant has not been under a disability, as defined in the Social security Act, since June 4, 2021, the date the application was filed (20 CFR 416.920(g)).

(ECF #8, *Transcript of Proceedings Before the Social Security Administration (ALJ Hearing Decision)*, pp. 20-28, PageID #51-#59) ("*Transcript*") .

Plaintiff asserts four objections to the conclusions reached in the *Report and Recommendation*:

1. "The ALJ erred in evaluating opinion evidence" (related to prior administrative medical findings);

2. "The ALJ erred in evaluating the opinion evidence" (related to Plaintiff's Treating Nurse Practitioner);

3. "The ALJ erred in his evaluation of Mr. Huber's experience of symptoms";

4. "[The] [h]ypothetical question to the Vocational Expert [was] incomplete."

(ECF #16, *Objections*, pp. 1-8, PageID #1589-#1596).

Each of these objections is addressed in turn.

1. ***"The ALJ erred in evaluating opinion evidence" related to prior administrative medical findings.***

In the *Report and Recommendation*, the Magistrate Judge rejected Plaintiff's contention that the ALJ erred in evaluating the prior administrative medical findings because he did not include a limitation for a "relatively isolated" environment in the "residual functional capacity" finding. The pertinent prior administrative medical findings related to this objection were the evaluation and report prepared by state agency psychological consultant Cindy Matyi, Ph.D., on or after August 26, 2021, in connection with the initial state agency determination on Mr. Huber's disability application, and the evaluation and report later prepared by state agency medical psychologist Jennifer Swain, Psy.D., on or after December 21, 2021, based on a review of Mr. Huber's mental health and medical records. (ECF #15, *Report and Recommendation*, pp. 7-9, PageID #1559-#1561).

Dr. Matyi opined that Mr. Huber could comprehend and remember a variety of task instructions, carry out simple (*i.e.*, 1-2 step) and occasional complex/detailed (*i.e.*, 3-4 step)

-4-

tasks, maintain attention, make simple decisions, and adequately adhere to a schedule. (ECF #8, *Transcript*, pp. 66-67, PageID #97-#98). Dr. Matyi also noted that Mr. Huber would need a relatively isolated workstation and supervisory support when first learning tasks. (ECF #8, *Transcript*, p. 67, PageID #98). Dr. Matyi opined that although Mr. Huber may misinterpret interpersonal nuance, he could relate adequately on a superficial basis in an environment that entails infrequent public contact, minimal interaction with coworkers, and no over-the-shoulder supervisory scrutiny. (ECF #8, *Transcript*, p. 67, PageID #98). Dr. Matyi noted that Mr. Huber could adapt to a setting where duties are routine and predictable in which changes are infrequent, explained in advance, and introduced slowly. (ECF #8, *Transcript*, p. 68, PageID #99).

Dr. Swain reached the same conclusions as Dr. Matyi regarding Mr. Huber's concentration, social, and adaptation limitations. (*Compare* ECF #8, *Transcript*, pp. 75-76, PageID #106-#107 *with* pp. 66-68, PageID #97-#99). But Dr. Swain concluded that Mr. Huber was "markedly limited" (as opposed to "moderately limited") in his ability to interact with the general public. (*Contrast* ECF #8, *Transcript*, p. 76, PageID #107 *with* p. 67, PageID #98).

With respect to the ALJ's alleged failure to include a limitation for a "relatively isolated" environment in his "residual functional capacity" findings (*see* Finding No. 4, reproduced above), the Magistrate Judge cited to a Northern District of Ohio case, and explained that this Court (defined as the U.S. District Court for the Northern District of Ohio generally) has held that "[t]he description 'relatively isolated' is consistent with the Social Security Administration's definition of 'occasional' to mean 'very little up to one-third of the time.'" (ECF #15, *Report and Recommendation*, p. 20, PageID #1572) (citing *Davis v. Comm'r of Soc. Sec.*, No. 3:22-CV-1259, 2023 WL 4079200, at *8 (N.D. Ohio Mar. 30, 2023) (quoting Soc. Sec. Ruling (SSR) 83-

10, 1983 WL 31251, at *5), *report and recommendation adopted*, 2023 WL 5214114 (N.D. Ohio Aug. 15, 2023)).

In his objections, Plaintiff argues that the *Davis* case cited in the *Report and Recommendation* is inapplicable because, in *Davis*, "there is no indication that the State agency psychologist added any other limitations beyond 'a relatively isolated workstation' and only 'superficial interaction with others.' . . . . Here, the State agency psychologists did offer more specific limitations, namely minimal interactions with coworkers and no work with the public." (ECF #16, *Objections*, p. 3, PageID #1591) (citation to quoted text of *Davis* omitted, insert supplied).

The record shows that the ALJ explicitly rejected Dr. Swain's conclusions of "marked degree of social limitations" in connection with Mr. Huber's ability to interact with the public. (ECF #8, *Transcript*, p. 27, PageID #58) ("However such a marked degree of social limitation as set forth in this opinion [referring to Dr. Swain's report] regarding in his ability [*sic*, it should likely read "regarding his inability"] to carry out work tasks is not supported, as subsequent progress notes demonstrated ongoing improvement in mood, anxiety, and energy.") (inserts supplied). The *Report and Recommendation*, while noting that the medical evidence presented to the ALJ could be found (and likely should be found) to support a "relatively isolated" environment condition in the residual functional capacity findings, the Magistrate Judge noted that it is not the task of this Court "to reweigh the opinion evidence provided to the ALJ and reach a different result." (ECF #15, *Report and Recommendation*, p. 21, PageID #1573) (citing *Mullins v. Sec'y of Health & Hum. Servs.*, 836 F.2d 980, 984 (6th Cir. 1987)). The *Report and Recommendation* further notes that "The ALJ is tasked with weighing the evidence, not this

Court. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009). This Court cannot overturn the ALJ's weighing of the evidence so long as substantial evidence supports the conclusion reached by the ALJ." (ECF #15, *Report and Recommendation*, p. 21, PageID #1573) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003)). This is a correct statement of the law.

Moreover, with respect to Plaintiff's ability to interact with coworkers, the ALJ did not limit Mr. Huber solely with respect to "occasional interaction." The ALJ also noted that "[t]he claimant is limited to work that does not involve any work tasks that require arbitration, negotiation, confrontation, being responsible for the safety of others, or directing the work of others." (ECF #8, *Transcript*, p. 22, PageID #53). Accordingly, along with the Magistrate Judge's conclusion that "[t]he description 'relatively isolated' is consistent with the Social Security Administration's definition of 'occasional' to mean 'very little up to one-third of the time,'" (ECF #15, *Report and Recommendation*, p. 20, PageID #1572), the ALJ included additional limitations within his residual functional capacity findings to take account of the limitations suggested in the prior administrative medical findings by placing such restrictions on Mr. Huber's ability to interact with others.

Admittedly (and as recognized in the *Report and Recommendation*), the ALJ's evaluation of the prior administrative medical findings may not have been perfect, but he did explain why he credited some limitations offered in the State agency reports and rejected others, such as the "marked degree of social limitations" noted in Dr. Swain's assessment. (ECF #8, *Transcript*, pp. 26-27, 76, PageID #57-#58, #107). The record shows that the ALJ found Dr. Swain's assessment only "partially persuasive," (ECF #8, *Transcript*, pp. 26-27, PageID #57-#58). The

ALJ was "not required to adopt all parts of an opinion, even one to which [he] assigns great weight." *See Stamper v. Comm'r of Soc. Sec.*, No. 1:18-CV-0697, 2019 WL 2437813, at *4 (N.D. Ohio May 8, 2019) (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (explaining that "[e]ven where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a State agency psychologist's opinions verbatim; nor is the ALJ required to adopt the State agency psychologist's limitations wholesale.")).[2]

The conclusions of the *Report and Recommendation* are adopted as to this objection.

### 2. "The ALJ erred in evaluating opinion evidence" related to Plaintiff's Treating Nurse Practitioner.

In his *Objections*, Plaintiff argues that the ALJ (and by extension the Magistrate Judge) erred when evaluating the medical opinion evidence of Mr. Huber's treating psychiatric nurse practitioner, Nicole Berry, N.P., because the ALJ "does not account for the limitations Mr. Huber experienced during the weeks he had an exacerbation of symptoms." (ECF #16, p. 5, PageID #1593). Plaintiff admits that some of Mr. Huber's mental health symptoms improved with treatment. (ECF #16, p. 5, PageID 1593). The record shows that the ALJ took into consideration all of the statements made by NP Berry in her opinion, but found that the opinion's conclusion about Mr. Huber being "off task 25 percent or more throughout the day, and absent between four or five days per month due to his symptoms" was not supported by specific references to medical

---

[2] In Plaintiff's objections, he also refers to the State agency psychologists' finding that Mr. Huber needed "supervisory support when first learning job tasks." (ECF #16, *Objections*, pp. 2-3, PageID #1590-#1591). The record shows that Plaintiff did not raise this argument in his brief on the merits. (*See* ECF #10, pp. 13-15, PageID #1504-1506). This additional argument is not considered here, as "Plaintiff did not raise this argument with the magistrate judge and may not do so for the first time in an objection to the [Report and Recommendation]." *Tate, on behalf of A.P. v. Comm'r of Soc. Sec.*, No. 1:18-CV-01432, 2019 WL 4253891, at *2 (N.D. Ohio Sept. 9, 2019) (citation omitted),

evidence, was conclusory, and was inconsistent with both NP Berry's progress notes and the evidence in the file as a whole. (ECF #8, *Transcript*, pp. 25-26, PageID #56-#57). The ALJ noted that NP Berry consistently assessed Mr. Huber as "very much improved" since initiating treatment, and that Mr. Huber "did not experience decompensation of functioning or exacerbation of his symptoms that required emergency physician intervention or hospitalization. He instead required conservative outpatient treatment, with routine medication adjustments to address subjective symptom reports." (ECF #8, *Transcript*, pp. 24-25, PageID #55-#56). The ALJ did consider NP Berry's written opinion, and he *also* considered the underlying evidence on which the opinion was based, which did not support a finding of the extreme limitations expressed in NP Berry's written opinion. Plaintiff has not shown that the ALJ's evaluation was erroneous.

The conclusions of the *Report and Recommendation* are adopted as to this objection.

3. **"The ALJ erred in his evaluation of Mr. Huber's experience of symptoms."**

In his *Objections*, Plaintiff contends that the ALJ erred when evaluating Mr. Huber's subjective complaints because he only considered "one statement from Mr. Huber's testimony," that "at the time of the hearing [Mr. Huber] had not left his house for three to four weeks." (ECF #16, *Objections*, p. 6, PageID #1594). As noted in the *Report and Recommendation*, and as demonstrated in the record, the ALJ's evaluation was not as limited as Plaintiff contends:

> [T]he ALJ's decision as a whole indicates that the ALJ considered the relevant evidence and applied the regulatory factors to evaluate Mr. Huber's statements, though the ALJ did not expressly address Mr. Huber's hearing testimony within the analysis at Step Four. The ALJ analyzed Mr. Huber's medication and treatment for his mental-health diagnoses under 20 C.F.R. §§ 416.929(c)(iv) and (iv) and found they were inconsistent with the debilitating condition he alleged. The ALJ also noted that Mr. Huber's anxiety and agoraphobia do not prevent him from being

-9-

>able to receive in-person medical care. The ALJ also analyzed under § 416.929(c)(ii) that Mr. Huber's symptoms are responsive to medication adjustments and that his progress notes do not suggest prolonged periods of uncontrolled symptoms.

(ECF #15, *Report and Recommendation*, pp. 31-32, PageID #1583-#1584).

As in other cases, "Plaintiff cites no authority suggesting that an ALJ's credibility analysis must specifically enumerate each and every piece of evidence or conduct a symptom-by-symptom analysis." *See Green v. Berryhill*, No. 5:16-CV-2538, 2017 WL 9478429, at *11 (N.D. Ohio Oct. 10, 2017), *report and recommendation adopted sub nom., Green v. Comm'r of Soc. Sec.*, No. 5:16-CV-2538, 2018 WL 525960 (N.D. Ohio Jan. 24, 2018). "There is no requirement . . . that either the ALJ or this Court discuss every piece of evidence in the administrative record." *Id.*; *see also Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party").

To the extent Plaintiff cites to his subjective statements at the hearing and argues that his "testimony is consistent with previous reports to Social Security," (*see* ECF #16, *Objections*, pp. 7-8), such is not a reason to order remand to the ALJ, as "[a]n ALJ is not required to accept a claimant's subjective symptom complaints, and may properly discount the claimant's testimony about [his] symptoms when it is inconsistent with objective medical and other evidence," as it appears to be in this case. *See Smith v. Comm'r of Soc. Sec.*, No. 5:17-CV-2666, 2018 WL 6732875 (N.D. Ohio Nov. 18, 2018).

The conclusions of the *Report and Recommendation* are adopted as to this objection.

> 4. "[The] [h]ypothetical question to
> the Vocational Expert [was] incomplete."

Plaintiff notes in his *Objections* that the Magistrate Judge cited a Northern District Of Ohio case where the Court opined that an "ALJ's failure to explicitly instruct the vocational expert to consider age, education, and work experience" could be a "procedural misstep that may constitute harmless error," referring to *Rego v. Comm'r of Soc. Sec.*, No. 3:12-CV-00034, 2013 WL 1181443, at *3 (N.D. Ohio Mar. 21, 2013). (ECF #16, *Objections*, pp. 8-9, PageID #1596-#1597). Plaintiff then argues that the Court should reject the *Report and Recommendation* because the statement from the *Rego* decision was *dicta*. (ECF #16, *Objections*, p. 9, PageID #1597). The Magistrate Judge's *Report and Recommendation* explicitly notes that it "express[es] no opinion on whether the holding is dicta and do[es] not rely on *Rego* except as an example of this circuit's limited case law addressing whether this specific error warrants remand." (ECF #15, *Report and Recommendation*, p. 34 n.10, PageID #1586). Instead, the *Report and Recommendation* cites to cases from the Sixth Circuit where the Court affirmed decisions where the vocational expert familiarized himself or herself with the contents of the medical reports or Plaintiff's testimony, and therefore, based an opinion on the specific Plaintiff and not just a hypothetical person. (ECF #15, *Report and Recommendation*, pp. 33-34, PageID #1585-#1586) (citing *Bradford v. Sec'y of Dep't of Health & Human Servs.*, 803 F.2d 871, 874 (6th Cir. 1986) and *Chandler v. Sec'y of Health & Human Servs.*, No. 93-4213, 1994 WL 669670, t *3 (6th Cir. 1994)).

Here, the Magistrate Judge applied the holdings of *Bradford* and *Chandler*, and correctly found that "the [vocational expert] was present for the entire hearing, listened to Mr. Huber's testimony, and familiarized herself with the contents of Mr. Huber's file, including his work

history." (ECF #15, *Report and Recommendation*, p. 34, PageID #1586). She could also observe his age. Given this, the Magistrate Judge properly concluded that "while the ALJ erred in posing the hypothetical person to the [vocational expert] without expressly identifying the hypothetical individual as having Mr. Huber's age or education, any error was harmless because the record indicates the [vocational expert] independently knew Mr. Huber's age and education and the [vocational expert's] opinion was consistent with those vocational factors." ((ECF #15, *Report and Recommendation*, p. 35, PageID #1587).

The *Report and Recommendation* is well-supported by law and fact on this issue, and the conclusions of the *Report and Recommendation* are adopted as to this objection.

## CONCLUSION

The Court has carefully and independently reviewed the *Report and Recommendation* (ECF #15), as well as Mr. Huber's objections, (ECF #16), and agrees with the findings set forth in the *Report and Recommendation*. Accordingly, the *Report and Recommendation* of Magistrate Judge Clay (ECF #15) is ADOPTED in its entirety, and Plaintiff Cody Huber's objections (ECF #16) are overruled. The final decision of the Commissioner is AFFIRMED, and judgment is entered in favor of Defendant Commissioner of Social Security.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _September 11, 2024_